Ronald D. Weiss, Esq.
THE LAW OFFICES OF RONALD D. WEISS, PC
445 Broadhollow Road, Suite CL-10
Melville, NY 11747
Telephone: (631)271-3737
Email: weiss@ny-bankruptcy.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
VERMILYEA MOORE,

                                  Plaintiff,                  Civil Action No.

               against-                              COMPLAINT IN CIVIL ACTION

THE SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, VENDOR RESOURCE MANAGEMENT, INC., COUNTY OF SUFFOLK, BSI FINANCIAL SERVICES, LLC , ITS SUCCESSORS AND/OR ASSIGNS
                               Defendant(s).
-------------------------------------------------------------------------X

Plaintiff, VERMILYEA MOORE (hereinafter "Plaintiff") by and through her attorneys, The Law Office of Ronald D. Weiss, PC as and for her Complaint against the Defendants respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.    This is an action for a declaratory judgment declaring the Plaintiff to be lawful owner of the premises known as 27 Brook Avenue, Wyandanch, NY 11798 (hereinafter "Premises"), also known as District 0200, Section 084.00, Block 01.00, Lot 003,000, 004.000, 005.000 and 006.000; and for compensatory damages incurred due to the failure of The Secretary of Veterans Affairs and/or Vendor Resource Management, Inc. to record the Deed that transferred title to the subject Premises to the Plaintiff after she purchased the subject premises for the sum of $65,000.00 in 1997.

## PARTIES

2. Plaintiff is an individual residing at the Premises.

3. Upon information and belief, the Secretary of Veteran Affairs is federal government agency.

4. Defendant Vendor Resource Management, Inc. is a foreign business corporation authorized to conduct business in the State of New York.

5. Defendant County of Suffolk is a County of the State of New York.

6. Defendant BSI Financial Services is a domestic business corporation authorized to conduct business in the State of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction and personal jurisdiction as the parties reside and/or conduct business both in the State of New York, and numerous transactions and/or events which are the subject of this action occurred throughout the State of New York. This action is being commenced in the United States District Court for the Eastern District of New York because the Secretary of Veterans Affairs is named as a Defendant.

## STATEMENT OF FACTS AND SUBSTANCE OF THE ACTION

6. The Plaintiff purchased the subject Premises known from the Department of Veterans Affairs in 1997. A copy of the Legal Description for the subject premises is annexed hereto as **Exhibit A**.

7. The Plaintiff purchased the subject premises for the sum of $65,000.00 and financed the purchase, in part with mortgage with BSI Financial Services, LLC, in the amount of $55,000.00.

8. That Plaintiff paid off the subject mortgage on or about July 16, 2019 as evidenced by a letter from BSI Financial Services LLC, which is annexed hereto as **Exhibit B**.

9. That Plaintiff learned that the Deed transferring title to the subject Premises to her from the Administration of Veteran Affair or Secretary of Veterans Affairs had never been recorded with the County Clerk of the County of Suffolk. The Administrator of Veterans Affairs was the owner of the subject Premises by Deed dated September 25, 1979, which was recorded with the County of Suffolk on October 15, 1979 in Liber 8710, Page 561.

10. That Plaintiff requested that a Deed be issued by the Secretary of Veterans Affairs transferring the title to the subject Premises to her as the rightful owner and she obtained a Special Warranty Deed dated August 29, 2019 between The Secretary of Veterans Affairs, An Officer of the United States by Vendor Resource Management, Inc, a Texas Corporation to Vermilyea Moore for the subject premises. A copy of this Deed is annexed hereto as **Exhibit C**.

11. That Plaintiff could not record this Special Warranty Deed with the Suffolk County Clerk because she did not have the required transfer tax forms.

12. That the Secretary of Veterans Affairs had the duty and obligation to execute a Deed transferring title to the subject Premises to Plaintiff upon payment of the purchase price of $65,000.00 in 1997. That Plaintiff tendered the sum of $65,000.00 to the Secretary of Veterans Affairs by tendering $10,000.00 from her funds and obtaining a mortgage in the amount of $55,000.00 and thereby performed all of her obligations regarding the purchase of the subject Premises and is the lawful and rightful owner of said Premises.

13. The Secretary of Veterans Affairs never recorded or caused a Deed to be recorded transferring title to the subject Premises to the Plaintiff.

14. Despite the fact that the Deed dated August 29, 2019 was executed by Vendor Resource Management, Inc., by Jacob Bass, as Assistant Vice President, neither Vendor Resource Management or the Secretary of Veterans Affair ever recorded this Deed.

15. That the County of Suffolk allegedly acquired title to a portion of the subject Premises and particularly Lots 003.000, 004.000 and 006.000 by Deed dated October 26, 2018, which was recorded with the Clerk of Suffolk County on December 10, 2018 in Liber 12991, Page 873 from John M. Kennedy, Jr., as the County Comptroller due to unpaid real estate taxes.

16. That Plaintiff was not aware of any default in the payment of any real estate taxes for the subject Premises.

17. That prior to acquiring title to said portion of the subject Premises, the County of Suffolk failed to notify Plaintiff of any tax arrears.

18. That prior to acquire title to said portion of the subject Premises, the County of Suffolk failed to provide Plaintiff with an opportunity to cure the default or redeem the Premises by paying the tax arrears.

19. That, upon information and belief, the County of Suffolk improperly acquired title to the subject portions of the Premises known as Lots 003.000, 004.000 and 006.000 in violation of the applicable laws and regulations.

20. That the County of Suffolk commenced proceedings for the eviction of Plaintiff from 27 Brook Avenue, Wyandanch, NY Lots 003.000, 004.000 and 006.000, and has failed to recognize her as the owner of these lots.

21. The County of Suffolk has sought to obtain possession of the aforesaid lots from Plaintiff and exclude her from possession of same.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

22. Plaintiff realleges and incorporate the allegations set forth in the preceding paragraphs as if set forth at length herein.

23. Plaintiff is entitled to a judgment declaring her to be the lawful and rightful owner of the subject Premises known as 27 Brook Avenue, Wyandanch, NY 11798, District 0200, Section 084.00, Block 01.00, and the 4 lots known as lots 003.000, 004.000, 005.000 and 006.000.

24. That Plaintiff lacks an adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

25. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if fully set forth at length herein.

26. That the Suffolk County Clerk is directed to file the Warranty Deed from Defendant The Secretary, Department of Veterans Affairs to Plaintiff without the required New York State transfer document known as Combined Real Estate Transfer Tax Return, Credit Line Mortgage Certification and Certification of Exemption from the Payment of Estimated Personal Income Tax and the RP-5214 Real Property Transfer Report.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR DECLARATORY JUDGMENT

25. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if fully set forth at length herein.

26. Plaintiff is entitled to an Order directing the County of Suffolk to transfer title to lots 003.000, 004.000 and 006.000 back to her or an Order declaring the Deed to the County of Suffolk in regards to these lots to be null and void and expunged of record.

27. That Plaintiff lacks an adequate remedy at law.

## AS AND FOR FOURTH CAUSE OF ACTION FOR MONETARY DAMAGES AGAINST DEPARTMENT OF VETERANS AFFAIRS AND/OR VENDOR RFESOURCE MANAGEMENT, INC.

28. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth at length herein.

29. That Plaintiff is entitled to monetary damages due to the failure of the Secretary, Department of Veterans Affairs and/or Vendor Resource Management, Inc. to issue and record a Deed transferring title to the subject Premises to the Plaintiff after she tendered the purchase price of $65,000.00.

30. That Plaintiff has suffered damages in an amount that is not capable of exact computation, but upon information and belief, is approximately $1,000,000.00, which is the estimated value of the subject Premises.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR MONETARY DAMAGES AGAINST COUNTY OF SUFFOLK

31. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth at length herein.

32. That Plaintiff is entitled to monetary damages against the County of Suffolk due to its wrongful taking of the portions of the subject Premises with notice to her.

33. That Plaintiff has suffered damages in an amount that is not capable of exact computation, but upon information and belief, is approximately $1,000,000.00, which is the estimated value of the subject Premises.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST BSI FINANCIAL

34. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if fully set forth at length herein.

35. That Defendant BSI Financial Services LLC held a mortgage on the subject premises until the payoff in July of 2019.

36. That pursuant to the term of the Mortgage, BSI Financial Services LLC collected certain monies from the Plaintiff for the payment of the real estate taxes, and was responsible for the payment of said taxes.

37. That, upon information and belief, BSI Financial Services LLC did not pay certain real estate taxes for Lots 003.000, 004.000 and 006.000, which resulted in the title for said lots to be transferred to the County of Suffolk.

38. That as a result of the failure of BSI Financial Services LLC to pay the real estate taxes and the Plaintiff's loss of said portions of her property, the Plaintiff is entitled to monetary damages in the amount of $1,000,000.00.

**WHEREFORE**, Plaintiff demands the declaratory judgment and judgments for monetary damages against Defendants as set forth in the Complaint, and costs, fees and such other and further relief as shall be just and proper

Dated: September 19, 2025
       Melville, NY

Yours, etc.
The Law Office of Ronald D. Weiss, PC
Attorneys for Plaintiff


By: /s/ Ronald D. Weiss
    Ronald D. Weiss, Esq.

# VERIFICATION

STATE OF NEW YORK )
                              )SS:
COUNTY OF SUFFOLK )

      Vermilyea Moore, being duly sworn to depose and say:

      I am the Defendant in the action herein. I have read the annexed Verified Answer, know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____

Sworn to me on this
19th day of September 2025

_____
Notary Public

Ronald D. Weiss
Notary Public, State of New York
NO. 02WE6041400
Qualified in Suffolk County
Commission Expires 9/12/2027