**FILED**
**CLERK**

**11/20/2025**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
VERMILYEA MOORE,

                      *Plaintiff,*

             -against-

THE SECRETARY, DEPARTMENT OF VETERANS
AFFAIRS, VENDOR RESOURCE MANAGEMENT, INC.,
COUNTY OF SUFFOLK, BSI FINANCIAL
SERVICES, LLC, ITS SUCCESSORS AND/ OR
ASSIGNS,

                      *Defendants.*
--------------------------------------------------------------------------X

<u>ORDER</u>
25-CV-05355 (FB) (JMW)

**A P P E A R A N C E S:**

    Ronald David Weiss
    Rosemarie Klie
    **Ronald D. Weiss, Esq.**
    445 Broadhollow Road, Suite CL-10
    Melville, NY 11747
    *Attorneys for Plaintiff*

    John J. Kuster
    **Sidley Austin, LLP**
    787 Seventh Avenue
    New York, NY 10019
    *Attorney for Defendant Vendor Resource Management, Inc.*

    Leland S. Solon
    Lisa A. Azzato
    **County of Suffolk Law Department**
    100 Veterans Memorial Highway, Ste 5th Floor
    Hauppauge, NY 11788
    *Attorneys for Defendant County of Suffolk*

    Richard D. Femano
    **Stern & Eisenberg, P.C.**
    20 Commerce Drive, Suite 230
    Cranford, NJ 07016
    *Attorney for Defendant BSI Financial Services, LLC*

1

**WICKS,** Magistrate Judge:

Plaintiff Vermilyea Moore ("Plaintiff") commenced this action on September 24, 2025 against Defendants the Secretary of Veteran Affairs ("VA"), Vendor Resource Management, Inc. ("Vendor Resource"), County of Suffolk ("Suffolk County"), and BSI Financial Services ("BSI" and collectively, the "Defendants") for declaratory judgment, namely, to declare Plaintiff as the lawful owner of the premises known as 27 Brook Avenue, Wyandanch, NY 11798 (the "Property"), and for damages incurred from the failure to record the deed that allegedly transferred title to Plaintiff. (*See generally*, ECF No. 1.)

As alleged, Plaintiff purchased the Property from the VA in 1997 for $65,000.00 and financed the purchase through a mortgage with BSI for $55,000. (ECF Nos. 1 at ¶ 7; 14 at 5.) This mortgage was fully paid on July 16, 2019. (ECF No. 1-3.) However, Plaintiff learned that the deed was never recorded upon the purchase of the Property. (ECF No. 1 at ¶ 9.) Plaintiff received a special warranty deed dated August 29, 2019, from Vendor Resource. (ECF No. 1-4.) Yet, due to lack of transfer tax forms, Plaintiff was not able to record this deed. (ECF No. 1 at ¶ 11.) Prior to that, Suffolk County allegedly received title to portions of the Property (Lots 003.000, 004.000, and 006.000) by a deed that was dated October 26, 2018, due to Plaintiff not paying certain property taxes of which Plaintiff was unaware of.[1] (*Id.* at ¶¶ 15-19; ECF No. 14 at 57.) Thereafter, Suffolk County commenced eviction proceedings on those Lots. (ECF No. 1 at ¶ 20.)

Now before the Court is Plaintiff's Emergency Order to stay the eviction originally scheduled for November 20, 2025, and Defendants' ability to transfer title. (ECF No. 14.)

---

[1] The Court has not been provided with this deed.

Suffolk County opposed the relief requested.[2] (ECF Nos. 16, 20.) On November 19, 2025, the Court granted a Temporary Restraining Order ("TRO"), that all proceedings and actions by Suffolk County were stayed pending a hearing and determination of the instant motion (ECF No. 17) and held a hearing on November 20, 2025. For the reasons that follow and those that were stated on the record, Plaintiff's Motion to Stay the Eviction (ECF No. 14) is **DENIED**.

## THE LEGAL FRAMEWORK & DISCUSSION

Plaintiff seeks a stay of the eviction proceedings, originally scheduled for November 20, 2025, and Defendants ability to transfer title of the Property. (ECF No. 14 at 4.)  Plaintiff received the 14-day eviction notice from the Suffolk County Sherriff dated November 5, 2025. (*See id.* at 16.)  Suffolk County opposes citing to "an identical motion" that Plaintiff filed in the Second Department in which the Appellate Division removed any restraining order language and dismissed an appeal for failure to perfect. (*See* ECF Nos. 16 at 1, 16-1, 20-5.) Suffolk County also cites to two principles that bar this Court's ability to grant the relief requested here—the Rooker-Feldman doctrine and the Anti-Injunction Act. (ECF No. 16 at 1.) Moreover, Suffolk County contends that the only portion of the Property that Plaintiff resides in is Lot 005.000, which is not subject to the eviction.[3] (*Id.* at 1-2.) Interestingly enough, Plaintiff has already attempted to vacate the eviction proceedings in Suffolk County District Court, which the Hon. James. F. Matthews denied on January 8, 2024 (*see* ECF No. 20-4), and the dismissal of her similar state court action for failure to prosecute is now under appeal pending before the Appellate Division, Second Department. (*See* ECF Nos. 20-3, 20-5.)

---

[2] Apart from Suffolk County, no other Defendants have appeared for the instant motion. However, Vendor Resource and BSI appeared for the November 20 Hearing and took no position.
[3] Defendants argue and provide geographic map photos to illustrate that Lots 003.000 and 004.000 are vacant, and Lot 006.000 includes a pool and a portion of the driveway. (ECF Nos. 16 at 1-2; 16-3-6.)

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Courts in this Circuit have long held that the Anti-Injunction Act [28 U.S.C. § 2283] applies to state-court evictions proceedings." *Gomez v. Yisroel*, No. 21-CV-2172 (PAC), 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (quoting *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (citing *Watkins v. Cesar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming district court's decision to deny enjoining eviction proceedings).

Indeed, many cases have denied a party's request for an injunction or TRO in connection with state eviction hearings. *See e.g.*, *Keir v. Schoeberl*, No. 25-CV-056 (ECC) (MJK), 2025 WL 437953, at *3 (N.D.N.Y. Feb. 7, 2025), *reconsideration denied*, No. 25-CV-056 (ECC) (MJK), 2025 WL 520764 (N.D.N.Y. Feb. 18, 2025) (discussing the prohibition against granting injunctions to stay state eviction proceedings and denying plaintiff's request for such relief); *Quinn v. Ross*, No. 25-CV-0645-MAV, 2025 WL 2020142, at *1 (W.D.N.Y. July 19, 2025) (denying Plaintiff's TRO request as it was barred by the Anti-Injunction Act); *Manning v. City of New York*, No. 24-CV-4747 (LGS), 2024 WL 3377997, at *2 (S.D.N.Y. July 11, 2024) (same).

Moreover, there are narrow exceptions to the Anti-Injunction Act. State proceedings "'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately' the United States Supreme Court." *Id.* (quoting *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020)). So, any "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Charisma Mosley v. Selip & Stylianou, LLP*, No. 25-CV-02919 (NCM) (CLP), 2025 WL 2614972, at *2 (E.D.N.Y. Sept. 10,

2025) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). The Hon. Judge Natasha C. Merle explained that the limited exceptions are,

> The first exception to the Anti-Injunction Act allows a federal court to stay a state court proceeding where expressly authorized by Congress and applies where an Act of Congress clearly creating a federal right or remedy enforceable in a federal court of equity could be given its intended scope only by the stay of a state court proceeding. …The second exception to the Anti-Injunction Act, which allows a federal court to stay a state court proceeding where necessary in aid of its jurisdiction, is generally reserved for state court actions *in rem*[4], because the state court's exercise of jurisdiction necessarily impairs, and may defeat, the federal court's jurisdiction over the *res.* … Lastly, the third exception to the Anti-Injunction Act, which is called the relitigation exception, permits a federal court to enjoin a state court proceeding to protect or effectuate [the federal court's] judgments. This exception allows a federal court to enjoin state litigation of a claim or issue that was previously presented to and decided by the federal court.

*Id.* at *2-3 (citations and quotations omitted) (cleaned up).

Here, none of the exceptions apply. First, the Complaint does not contain any claims that would expressly authorize a stay of the state proceedings. (*See* ECF No. 1.) Nor does Plaintiff identify any in the instant motion. Second, the Suffolk County District Court action is against Plaintiff. (*See generally*, ECF No. 16-2.) There, the case deals with the eviction process. (*Id.*) Third, there are no claims or issues that were previously decided by this Court in connection with the state court action, that would be harmed if the state proceedings continue.

Therefore, a stay of proceedings or issuance of a preliminary injunction is barred pursuant to 28 U.S.C. § 2283.[5] *See e.g.*, *Tupper v. New York*, No. 24-CV-2582 (GRB)(SIL), 2024 WL 5399241, at *3 (E.D.N.Y. Oct. 17, 2024) (denying stay of foreclosure proceedings as

---

[4] Judge Merle also clarified that *in rem* "is an action '[i]nvolving or determining the status of a thing'" … whereas "'*in personam*' [refers to] an action 'brought against a person rather than property.'" *Id.*

[5] It is unnecessary for the Court to address whether Plaintiff has met the burden for a preliminary injunction since the Anti-Injunction Act precludes such relief under the circumstances presented here. *See Tupper*, 2024 WL 5399241, at *3 (discussing the Anti-Injunction Act preclusion and not entertaining the merits of the relief sought).

no exception to the Anti-Injunction Act was identified); *Isaac v. Schiff*, No. 21-CV-11078 (PMH), 2022 WL 3290679, at *2 (S.D.N.Y. Aug. 11, 2022) (same); *Manning*, 2024 WL 3377997, at *2 ("TRO Application is barred by the Anti-Injunction Act because it seeks to enjoin a state court proceeding"); *Charisma Mosley*, 2025 WL 2614972, at *2 ("Here, plaintiff's motion for a preliminary injunction does not identify any exception to the Anti-Injunction Act that would permit this Court to issue an injunction interfering in the state court debt collection proceeding"); *Powell v. Bank of New York Mellon*, No. 25-CV-02178 (GRB) (JMW), 2025 WL 2714236, at *2 (E.D.N.Y. Sept. 23, 2025) (same).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Emergency Motion to Stay the Eviction (ECF No. 14) is **DENIED** and the TRO issued on November 19, 2025, is hereby <u>vacated</u>.

Dated:  Central Islip, New York.
        November 20, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

6