**FILED**
**CLERK**

**7/23/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
VERMILYEA MOORE,

                        *Plaintiff,*

              -against-

THE SECRETARY, DEPARTMENT OF VETERANS
AFFAIRS, VENDOR RESOURCE MANAGEMENT, INC.,
COUNTY OF SUFFOLK, BSI FINANCIAL
SERVICES, LLC, ITS SUCCESSORS AND/ OR
ASSIGNS,

                    *Defendants.*
-------------------------------------------------------------------------X

**ORDER**

25-CV-05355 (FB) (JMW)

**A P P E A R A N C E S:**

    Ronald David Weiss
    Rosemarie Klie[1]
    **Ronald D. Weiss, Esq.**
    445 Broadhollow Road, Suite CL-10
    Melville, NY 11747
    *Attorneys for Plaintiff*

    Leland S. Solon
    **County of Suffolk Law Department**
    100 Veterans Memorial Highway, Ste 5th Floor
    Hauppauge, NY 11788
    *Attorneys for Defendant County of Suffolk*

**WICKS,** Magistrate Judge:

    Before the Court on referral from the Hon. Frederic Block is Plaintiff Vermilyea Moore's

("Plaintiff") Motion to Stay the Eviction (ECF No. 47) pending conclusion of the mediation

---

[1] Rosemarie Klie has not filed a formal Notice of Appearance in this case despite the undersigned directing her to do so at prior Conferences. Ms. Klie is now further forewarned that failure to do so could result in adverse consequences including not accepting filings submitted under her signature.

1

between the parties.  The application is opposed by Defendant County of Suffolk ("Suffolk Defendant") (ECF No. 48).

Plaintiff commenced this action on September 24, 2025 against Defendants the Secretary of Veteran Affairs ("VA"), Vendor Resource Management, Inc. ("Vendor Resource"), Suffolk Defendant, and BSI Financial Services ("BSI" and collectively, the "Defendants") for declaratory judgment, namely, to declare Plaintiff as the lawful owner of the premises known as 27 Brook Avenue, Wyandanch, NY 11798 (the "Property"), and for damages incurred from the failure to record the deed that allegedly transferred title to Plaintiff. (*See generally*, ECF No. 1.)

As alleged, Plaintiff purchased the Property from the VA in 1997 for $65,000.00 and financed the purchase through a mortgage with BSI for $55,000. (ECF Nos. 1 at ¶ 7; 14 at 5.) This mortgage was fully paid on July 16, 2019. (ECF No. 1-3.) However, Plaintiff learned that the deed was never recorded upon the purchase of the Property. (ECF No. 1 at ¶ 9.) Plaintiff received a special warranty deed dated August 29, 2019, from Vendor Resource. (ECF No. 1-4.) Yet, due to lack of transfer tax forms, Plaintiff was not able to record this deed. (ECF No. 1 at ¶ 11.) Prior to that, Suffolk Defendant allegedly received title to portions of the Property (Lots 003.000, 004.000, and 006.000) by a deed that was dated October 26, 2018, due to Plaintiff not paying certain property taxes of which Plaintiff was unaware of. (*Id.* at ¶¶ 15-19; ECF No. 14 at 57.) Thereafter, Suffolk Defendant commenced eviction proceedings on those Lots. (ECF No. 1 at ¶ 20.)

In November of 2025, this Court denied Plaintiff's Emergency Motion to Stay the Eviction. (ECF No. 23 ("Nov. 2025 Order").)[2] Defendant Vendor Resource moved for a pre-motion conference to dismiss, and the Hon. Frederic Block held a conference, which resulted in a

---

[2] Suffolk Defendant notes that "Plaintiff has sought at least six stays, all of which were either granted but subsequently vacated, or outright denied." (ECF No. 48.)

referral to mediation. The parties have been engaged in mediation since February of 2026. (*See* Electronic Order dated 2/19/2026.) Now before the Court is Plaintiff's letter motion to stay the Eviction (ECF No. 47) , following a 14-Day Eviction Notice, which Suffolk Defendant opposes (ECF No. 48). Plaintiff argues that the eviction should be stayed until resolution of the mediation. (ECF No. 47 at 1.) For the reasons that follow, Plaintiff's Motion to Stay the Eviction (ECF No. 47) is **DENIED**.

First and foremost, the "14-Day Eviction Notice" attached to Plaintiff's instant application is patently illegible and the Court is unable to make any determination absent a clean record. For reference, it is copied below:



(ECF No. 47 at 2.)

3

Notwithstanding that the Eviction Notice submitted in support of the motion is faded beyond recognition, Suffolk Defendant notes that "the eviction would not be of Plaintiff's residence, which Plaintiff would still be able to access. See DE 20-2", but only of "a pool and a driveway, DE 20-1, p.4." (ECF No. 48.)

As set forth in the Nov. 2025 Order, the Court cannot stay an eviction proceeding under the circumstances presented here. (*See* ECF No. 23.) "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Courts in this Circuit have long held that the Anti-Injunction Act [28 U.S.C. § 2283] applies to state-court evictions proceedings." *Gomez v. Yisroel*, No. 21-CV-2172 (PAC), 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (quoting *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (citing *Watkins v. Cesar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming district court's decision to deny enjoining eviction proceedings).

Moreover, there are narrow exceptions to the Anti-Injunction Act. This Court outlined these exceptions back in November of 2025 as well and no circumstances have changed to rule otherwise. *See Moore v. Sec'y, Dep't of Veterans Affs.*, No. 25-CV-05355 (FB) (JMW), 2025 WL 3240330, at *2 (E.D.N.Y. Nov. 20, 2025). Therefore, a stay of proceedings is barred pursuant to 28 U.S.C. § 2283. *See e.g.*, *Tupper v. New York*, No. 24-CV-2582 (GRB)(SIL), 2024 WL 5399241, at *3 (E.D.N.Y. Oct. 17, 2024) (denying stay of foreclosure proceedings as no exception to the Anti-Injunction Act was identified); *Isaac v. Schiff*, No. 21-CV-11078 (PMH), 2022 WL 3290679, at *2 (S.D.N.Y. Aug. 11, 2022) (same); *Powell v. Bank of New York Mellon*, No. 25-CV-02178 (GRB) (JMW), 2025 WL 2714236, at *2 (E.D.N.Y. Sept. 23, 2025) (same).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Stay the Eviction (ECF No. 47) is

**DENIED**.

Dated:  Central Islip, New York.
        July 23, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5